# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FELICIA KOCH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | NO. CIV-13-0750-HE |
| ) | |
| DAVID JUBER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs Amber Blevins, Ashley Bolding, Candice Buchanan, Stacy Dimas-Olson, Nichole Estes, Jessica James, Melissa Nelson, Heather Weber, Elly Wright and Carmile Sulvetta,[1] filed this § 1983 action against David Juber, Jamie Baker, Gilbert Dildine, Millicent Newton-Embry, Carla King, and the Oklahoma Department of Corrections ("DOC"), alleging violations of their Eighth and Fourteenth Amendment rights and of rights arising under state law. At the time of the actions that underlie plaintiffs' claims, plaintiffs were inmates at the Mabel Bassett Correctional Center ("Mabel Bassett") in Oklahoma. Defendants Juber, Baker and Dildine were corrections officers or guards at the facility. Embry was the warden and King was the deputy warden. After plaintiffs filed their second amended complaint, defendants Newton-Embry, King and the DOC filed a motion seeking the dismissal of plaintiffs' claims arising under the Oklahoma Constitution.

When considering whether a plaintiff's claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations as true and views

---

[1]*Felicia Koch initially was a plaintiff, but her claims were dismissed with prejudice pursuant to a stipulation of dismissal filed by the parties.*

them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Shields, 744 F.3d at 640 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). As explained by the Tenth Circuit, the new Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated it will not do." *Id.* at 640-41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir.2012)). "'Rule 8(a)(2) still lives'" and under it "'specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* at 641 (quoting Khalik, 671 F.3d at 1191-92). Context determines the "'nature and specificity of the allegations required to state a plausible claim.'" *Id. (*quoting Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215 (10th Cir.2011)). Considering plaintiffs' claims under this standard, the court concludes defendants' motion to dismiss should be granted..

Background

Plaintiffs claim they were sexually assaulted by defendants Baker and Dildine during

2012 and 2013.² They allege defendants Newton-Embry and King are accountable for the guards' behavior because they allowed Juber to remain in his position and have one-on-one access to inmates, despite being aware that he had engaged in correspondence of a sexual nature with female inmates; hired Baker, even though they knew he had a prior history of sexual misconduct while employed as a nurse; ignored prison equipment failures, including video surveillance cameras; were aware of severe staffing shortages; were aware of incidents of guards sexually assaulting and engaging in sexual misconduct with female inmates before the assaults involving plaintiffs occurred; failed to conduct proper investigations; failed to establish appropriate rules and procedures to prevent sexual attacks; and failed to adequately train, supervise and discipline the guards. Plaintiffs also allege that Embry and King knew plaintiffs were at risk during the investigation of Juber, Baker and Dildine, yet failed to protect them from being assaulted by other inmates.

Plaintiffs assert state law negligence, negligence per se, intentional infliction of emotional distress and assault and battery claims against Baker and Dildine. They assert claims for violations of their Eighth and Fourteenth Amendment rights under 42 U.S.C. §1983 against Baker, Dildine, Embry and King. They allege the guards' actions also amounted to deprivation of due process and excessive force in violation of the Oklahoma Constitution, art. II, §§ 7, 30³ and contend Embry and King, in their official capacities, and

---

²*Koch was the only plaintiff who alleged she was assaulted by Juber. As noted earlier, she dismissed her claims with prejudice.*

³*Although plaintiffs refer to § 9 of the Oklahoma Constitution, the court assumes they are referring to § 30, which was the basis for the* Bosh *decision. To the extent plaintiffs are asserting*

3

the DOC are vicariously liable for the guards' violations of the state constitution. Plaintiffs seek damages, actual and punitive, and injunctive relief.

In their motion to dismiss, which is directed only at plaintiffs' state constitutional claims, defendants Newton-Embry, King and the DOC ("administrative defendants") assert that plaintiffs' claims are barred by the statute of limitations, that they cannot be held liable under state law for the alleged assaults because such acts were outside the scope of employment and that plaintiffs have failed to allege facts demonstrating a violation of their procedural due process rights under the Oklahoma Constitution. The court addresses here certain of the alternative grounds relied on by defendants, although the court's resolution of the scope of employment issue as to the Bosh[4] or state constitutional claims is, by itself, dispositive of the motion.

## Analysis

### Statute of Limitations

The administrative defendants argue that some of the plaintiffs' Bosh claims are barred by Oklahoma's one year limitations period for claims asserted by inmates against the state or one of its political subdivisions. 12 Okla. Stat. § 95(A)(11). Specifically, they assert

---

*claims under § 9, the fail for the same reasons, discussed subsequently, that plaintiffs' due process claims fail.*

*[4]Bosh v. Cherokee Cnty, Bldg. Auth., 305 P.3d 994 (Okla. 2013). In Bosh the Oklahoma Supreme Court recognized a private right of action against a governmental entity for excessive force based on Art. 2, § 30 of the Oklahoma Constitution, notwithstanding the limitations of the Oklahoma Governmental Tort Claims Act, 51 Okla. Stat. §§ 151 et seq. It further recognized the doctrine of respondeat superior as an available theory of recovery for claims under that provision.*

4

that the Bosh claims of plaintiffs Blevins and Weber are completely barred and those of Nelson and Wright are barred in part, to the extent they are based on acts that occurred before July 18, 2012. Plaintiffs respond that the statute is ambiguous because, while it specifies that the one year limitations period applies to "all" inmate actions, even "Defendants recognized Plaintiffs' § 1983 claims do not fall within the purview of § 95(A)(11)." Doc. #49, p. 11. They argue that the court must look at legislative intent to resolve the ambiguity.

> Section 95(A)(11) provides that:
>
> All actions filed by an inmate or by a person based upon facts that occurred while the person was an inmate in the custody of one of the following:
> a. the State of Oklahoma,
> b. a contractor of the State of Oklahoma, or
> c. a political subdivision of the State of Oklahoma,
> to include, but not be limited to . . . claims for injury to the rights of another, shall be commenced within one (1) year after the cause of action shall have accrued.

12 Okla. Stat. § 95(A)(11). Plaintiffs attempt to create an ambiguity where none exists. The reference to "all" in the statute clearly is to all claims asserted under state law. The Oklahoma legislature does not have the authority to determine the limitations period for a §1983 or any other federal claim. Even if plaintiffs are correct that § 95(A)(ll) does not apply to all state law claims asserted by inmates, that does not mean that plaintiffs' Bosh claims should be governed by § 95(A)(3), the statute the federal courts selected to apply to § 1983 claims. Oklahoma law dictates the statute of limitations applicable to plaintiffs' state law claims and the specific statute -- § 95(A)(11) – rather than the more general statute – §95(A)(3) – applies. *See* Rosson v. Coburn, 876 P.2d 731, 734 (Okla.Civ.App. 1994),

*overruled on other grounds* by Howard v. Zimmer, Inc., 299 P.3d 463 (Okla. 2013) ("Where, as here, there are two statutory [limitation] provisions, one which is special, clearly includes the matter in controversy, and prescribes a different rule than that found in a general statute, the special statute applies."). In addition, § 95(A)(3) specifically provides for a two year limitation period for "an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated."[5] (emphasis added). Because a different statutory period is subsequently enumerated, it (§ 95(A)(11)) governs plaintiffs' Bosh claims.

Applying the one year period, the Bosh or state constitutional claims of plaintiffs Blevins and Weber are barred.[6] Claims asserted by plaintiffs Nelson, and Wright based on sexual misconduct that allegedly occurred prior to July 18, 2012 also are barred unless, as plaintiffs assert, the continuing violation doctrine applies.[7]

Plaintiffs contend the Tenth Circuit held in Mata v. Anderson, 635 F.3d 1250 (2011) that the continuing violation doctrine applies to § 1983 claims. However, what the court stated in that case was that it "need not address whether the continuing violation doctrine applies to § 1983 claims." *Id.* at 1253. The Tenth Circuit has not determined whether the

---

[5]*Because of this conclusion the court does not address defendants' alternative argument that, if § 95(A)(11) does not apply, then the one year statute of limitations for assault and battery claims applies to plaintiffs' Bosh claims.*

[6]*Plaintiffs allege in the complaint that Baker sexually assaulted Blevins on July 11, 2012, and Weber on July 6, 2012.*

[7]*Even if the continuing violation doctrine applied to Bosh claims, it would not save the claims of Blevins and Weber, because at least one act contributing to the claim must occur within the filing period for the doctrine to be applicable. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002).*

6

doctrine, which it "first recognized and applied . . . in the Title VII context," McCormick v. Farrar, 147 Fed.Appx. 716, 720 (10th Cir. 2005) extends to §1983 lawsuits and plaintiffs cite no Oklahoma decisions discussing the doctrine in a similar context. While this court has applied the doctrine to sexual assault claims asserted as Eighth Amendment violations under § 1983, it declines to extend it to Bosh claims in the absence of any indication the Oklahoma courts would do so. Therefore, the Bosh claims of plaintiff Nelson and Wright, to the extent they are based on pre-July 18, 2012 conduct, are time-barred.

Due Process

The administrative defendants argue that plaintiffs failed in their complaint to allege facts demonstrating a violation of their procedural due process rights under the Oklahoma Constitution. Oklahoma Constitution, art. II, § 7. As plaintiffs clarify in their response brief, their claim is for substantive, rather than procedural, due process. Regardless, their state law due process claims must be dismissed because this court has concluded that Bosh should be narrowly interpreted and applied only to excessive force claims. *See* Hedger. v. Kramer, 2013 WL 5873348, at *3 (W.D.Okla. Oct. 30, 2013). Bosh does not serve to create a private right of action for all claims arguably arising under the Oklahoma Constitution.

Respondeat Superior

The individual defendants, Embry and King, contend they cannot be held accountable under the doctrine of respondeat superior for a violation of the Oklahoma Constitution because they were not the guards' employer, but at most their coworkers. They also argue, along with the DOC, that plaintiffs' state law constitutional claims fail because the guards'

7

sexual misconduct was not committed within the scope of their employment.

Plaintiffs do not address, and thereby confess, the argument of Embry and King that they are not liable for Baker and Dildine's conduct because they were not their employer.[8] The court also finds no basis in Bosh for extending liability beyond the employer. The Oklahoma Supreme Court held in Bosh that "[t]he common law theory of *respondeat superior* applies to municipal liability . . . to determine when an employee of a municipality uses excessive force within the scope of employment." Bosh, 305 P.3d at 1004 (emphasis added). Plaintiffs' Bosh claims against Newton-Embry and King will be dismissed.

Plaintiffs do challenge defendants' assertion that the sexual assaults cannot be considered actions taken by the guards within the scope of their employment. While plaintiffs acknowledge that the Oklahoma courts have not yet addressed the issue of whether a rape committed by a prison guard is actionable under the doctrine of respondeat superior, they assert that other courts have imposed liability for other intentional torts.[9]

In Oklahoma an employer may be held liable if its employee assaults a third person, "where the act is incidental to and done in furtherance of the business of the employer." Baker v. Saint Francis Hosp., 126 P.3d 602, 605 (Okla. 2005). "An employee's act is within the scope of employment if it is incident to some service being performed for the employer

---

[8]*Plaintiffs do challenge, appropriately, defendants' suggestion that Newton-Embry and King were "mere coworkers" of the other defendants. They were plainly more than that. But liability under Bosh is directed to the "employer," rather than "supervisors," and there is no basis alleged for viewing Newton-Embry or King as an "employer."*

[9]*While plaintiffs cite cases from other jurisdictions extending respondeat superior liability to sexual assaults, they are not binding.*

8

or arises out of an emotional response to actions being taken for the employer." Bosh, 305 P.3d at 998 n.14. As explained by the Oklahoma Supreme Court, "the answer to the *respondeat superior* issue primarily lies in determining whether [the employee] had stepped aside from [his] employment at the time of the offending tortious act(s) on some mission or conduct to serve [his] own personal needs, motivations or purposes." Baker, 126 P.3d at 607. In other words, were the employee's "acts ... so far removed from any work-related endeavor and geared, instead, toward a personal course of conduct unrelated to [his] work so that it would no longer be appropriate to hold [his] employer responsible for [his] act(s)." *Id.*

In numerous cases the Oklahoma courts have upheld employer liability for an employee's intentional torts, including Ada-Konawa Bridge Co. v. Cargo, 21 P.2d 1 (Okla. 1933), where a jury assessed damages against a company whose employee, a toll collector, shot a driver for failing to pay the toll, Rodebush v. Oklahoma Nursing Homes, Ltd., 867 P.2d 1241 (Okla. 1993), where a nursing home employee slapped a combative Alzheimer's patient he was bathing and Baker, where an employee at a day care facility deliberately struck an infant's head against a shelf when she would not stop crying. The Oklahoma Supreme Court refused, though, to impose respondeat superior liability on a church, based on its minister's sexual abuse of children during recreational activities that were intended to recruit new members and their families. The court concluded that child molestation "is not a part of the minister's duty nor customary within the business of the congregation" and he "acted for his own personal gratification rather than for any religious purpose." N.H. v. Presbyterian Church (U.S.A.), 998 P.2d 592, 599 (Okla.1999). It later refused to impose

9

respondeat superior liability upon an archdiocese and archbishop for a priest's sexual abuse of a minor during counseling sessions. Schovanec v. Archdiocese of Oklahoma City, 188 P.3d 158 (Okla. 2008). The court found the plaintiff had failed to offer evidence that the predatory sexual conduct occurred in furtherance of the "particular ecclesiastical organization's business." Id. at 161.

Plaintiffs argue that "sexual assault may be a means by which a prison guard asserts his control over the prisoner." Doc. #49, p. 20. While that may be true, the court does not find the assaults sufficiently "furthered a particular [correctional] goal" to warrant the imposition of respondeat superior liability on the DOC. Schovanec, 188 P.3d at 161. Based on the allegations in the complaint, Baker and Dildine were deviating from their assigned tasks when they assaulted plaintiffs, rather than being engaged in a work-related activity.[10] The alleged assaults were not "incident to some service" the guards were performing for the DOC and did not "arise[] out of an emotional response to actions being taken for [the DOC]." Bosh, 305 P.3d at 999. That is what distinguishes this case from those in which the Oklahoma courts have imposed respondeat superior liability on an employer for its employee's intentional tort. For example, in Ada-Konawa, the toll bridge company employee shot the plaintiff in the process of trying to collect the toll, in Rodebush, the employee was bathing the patient when he struck him, and in Baker, the employee was

---

[10]*Most of the assaults allegedly occurred either in the plaintiff's cell or when the plaintiff was removed from her cell and taken to a restricted area. Dimas-Olson alleges Baker assaulted her by inappropriately brushing up against her when she was standing on a balcony. It is unclear what either was doing when that alleged physical contact occurred.*

performing her job – caring for the infant – when she struck its head against a shelf. *See* cases cited in Bosh, 305 P.3d at 999.

At least one court applying Oklahoma law has recognized an employer's potential liability for a sexual assault committed by an employee. However, the assault in that case, Doe v. Defendant A, 2012 WL 6694070 (N.D.Okla. Dec. 21, 2012), was allegedly committed during a counseling session, the employee's assigned task, and the employer, Transitions, was a single member L.L.C. created by the alleged employee/perpetrator (Defendant A). In denying the employer's motion to dismiss the respondeat superior liability claim, the court stated:

> [I]t it is rare for an organizations business to include abhorrent conduct such as sexual abuse. However, it is certainly plausible, given the circumstances of this case, that Transitions is a sole-member L.L.C., Defendant A is the sole managing member in charge of formulating institutional goals and objectives. As such, it cannot be summarily concluded that Transitions' objectives did not include taking steps to facilitate Defendant A's predatory behavior.

*Id.* at *3. Doe is a singular case. It does not support the imposition of respondeat superior liability here, where the alleged conduct plausibly supports only the inference that it was directed to the "personal gratification" of the acting defendants.

On the basis of the facts alleged in the second amended complaint, the court concludes as a matter of law that the alleged sexual assaults occurred outside the scope of the guards' employment. Plaintiffs' Bosh claims against the DOC will be dismissed.

## Conclusion

Accordingly, the administrative defendants' motion to dismiss [Doc. #39] is

11

**GRANTED** and plaintiffs' (Bosh) claims asserted under the Oklahoma Constitution for violations of substantive due process and excessive force are dismissed with prejudice.

**IT IS SO ORDERED**.

Dated this 23rd day of May, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE